THE ROCKFORD, ROCK ISLAND AND ST. LOUIS R. R.
COMPANY

*v.*

ALBERT S. PHILLIPS.

1. CONTINUANCE—*amendment of declaration.* Where the plaintiff's original declaration, filed in apt time, contained a good cause of action, and was good upon general demurrer, it was *held*, that an amendment not necessary to the cause of action, and not changing it, but which was superinduced by the court erroneously sustaining a demurrer thereto, afforded no cause for a continuance at the instance of the defendant.

2. NEGLIGENCE—*killing stock by engine—declaration.* A declaration, in an action to recover damages of a railroad company for killing a horse, in substance, alleged that the defendant was the owner of the railroad, and operating it by running locomotives and trains thereon; that plaintiff's horse strayed and got upon the defendant's railroad, and that the defendant, by its servants, so carelessly, negligently and improperly run, conducted and directed the locomotive and train of the defendant, as that said locomotive struck plaintiff's horse with great force and violence and killed it: *Held*, that the declaration showed a good cause of action at common law.

3. SAME—*statement of, in pleading.* In pleading, the averment of negligence is sufficient to admit proof of *gross* negligence; and, on demurrer, an averment of negligence is equivalent to whatever degree of negligence

is necessary to sustain the pleading. Thus, it is a matter of common practice to allow a plaintiff, who has simply averred negligence, where there is proof of contributory negligence on his part, to prove gross negligence in the defendant, and recover under such declaration.

4. Same—*neglect to fence road.* Where stock is killed by a railroad company which has neglected to fence its track in the time prescribed, the owner of such stock may elect, according to the facts of the case, to base his action upon the statute of 1855, or upon the common law grounds of negligence.

5. To recover upon the statutory liability, the declaration must state facts which bring the case substantially within the provisions of the statute, and the plaintiff is not bound to show that there was negligence in the management of the locomotive or train which was the immediate cause of the injury.

6. Same—*surplusage in pleading.* As a railroad company is liable for gross negligence resulting in the destruction of a plaintiff's property, irrespective of the question of the erection of fences, where the declaration charges negligence, as at common law, all allegations respecting the want of sufficient fences may be rejected as surplusage, and a recovery had upon the common law liability.

Writ of Error from the Circuit Court of Cass county; the Hon. Charles Turner, Judge, presiding.

Mr. Charles M. Osborn, and Mr. J. S. Bailey, for the plaintiff in error.

Mr. J. Henry Shaw, for the defendant in error.

Mr. Justice McAllister delivered the opinion of the Court:

This was an action on the case, brought in the Cass circuit court, by Phillips against the Rockford, Rock Island and St. Louis Railroad Company, to recover for an injury to plaintiff's horse, resulting in his death, occasioned by the negligence of defendant and its servants. The action was brought to the April term, 1872, of that court, and service was had, and a declaration filed in time for the term. To the declaration, defendant filed a general demurrer, which was sustained

by the court, and leave given plaintiff to amend. An amended declaration was filed, to which a general demurrer was also interposed by defendant, sustained by the court, and leave again given plaintiff to amend. Another amended declaration was filed, to which also there was a general demurrer, but which was overruled by the court. Thereupon, defendant moved for a continuance on the ground of material amendments of the declaration, but which the court overruled, and exception was taken and preserved by bill of exceptions. The defendant having abided by its demurrer to the last amended declaration, a jury was called at the same April term, and plaintiff's damages assessed at $150, for which judgment was rendered. The defendant brings the case to this court and assigns for error: (1,) the overruling of its motion for a continuance; (2,) the overruling of its demurrer to the last amended declaration.

We are of opinion that neither of the assignments of error is sustainable. It seems to us to be a clear proposition that, if the original declaration, filed in apt time, contained a cause of action and was good upon general demurrer, then no amendment, not necessary to such cause of action, and not changing it, but which was superinduced merely by the court erroneously sustaining such demurrer, can be considered as material in the sense that would entitle the defendant to a continuance.

The plaintiff had his election, according to the facts of his case, to base his action upon the statute of 1855, or upon common law grounds. The statute makes it the duty of railroad companies, within six months after their respective roads are open for use, to erect and thereafter maintain fences on the sides of their roads, or the parts thereof so open for use, sufficient to prevent cattle, horses, etc., from getting on to such railroads, except at the crossings of public roads, etc. The statute then declares: "And so long as such fences and cattle-guards shall not be made after the time hereinbefore prescribed for making the same, shall have elapsed,

and when such fences and cattle-guards are not in good repair, such railroad corporation and its agents shall be liable for all damages which shall be done by the agents or engines of any such corporation to any cattle, horses, etc., thereon; and when such fences and guards shall have been duly made and shall be kept in good repair, such railroad corporation shall not be liable for any such damages unless negligently or wilfully done."

By that statute, if the corporation fail to erect such fences and cattle-guards within the time prescribed, and when they are not in good repair, a liability is imposed upon the corporation and its agents for all damages which shall be done by the agents or engines of the corporation, to any cattle, horses, etc., upon the railroad, without reference to any negligence or misconduct at the time of doing it, other than the neglect to erect the fences and cattle-guards as prescribed. To recover in such case, upon the statutory liability, the declaration must state facts which bring the case substantially within the provisions of the statute, and the plaintiff is not bound to show that there was negligence in the management of the locomotive or train which was the immediate cause of the injury.

In the case under consideration, the original, and each amended declaration, contained but one count. The real *gravamen* of the original, and which was adhered to and preserved in each of the amended declarations, was, that the defendant was the owner of the railroad, and operating it by running locomotives and trains thereon; that plaintiff's horse strayed and got upon the defendant's railroad, and the defendant, by its servants, so carelessly, negligently and improperly run, conducted and directed the locomotive and train of the defendant, as that said locomotive struck plaintiff's horse with great force and violence and killed it. This is manifestly a good cause of action at common law. It has been held by the Court of Appeals of New York, and we think with great propriety, that, in pleading, the averment of negligence is sufficient to admit proof of *gross* negligence, and,

on demurrer, an averment of negligence is equivalent to whatever degree of negligence is necessary to sustain the pleading. *Nolton* v. *Western R. R. Co.* 15 New York R. 444.

It is a matter of common practice to allow a plaintiff, who has simply averred negligence, and there is proof of contributory negligence on his part, to prove *gross* negligence in the defendant and recover under such declaration.

There can be no doubt that an averment that defendant so carelessly, negligently and improperly run, conducted and directed its locomotive, etc., is sufficient to admit proof of, and, upon general demurrer, should be regarded as equivalent to an averment of, gross negligence.

The defendant would be liable for gross negligence, resulting in the destruction of plaintiff's property, irrespective of the question of the erection of a sufficient fence within the statutory time, and all such allegations could be rejected as surplusage. The effect of the amendments required by the court, with the view of compelling plaintiff to set forth a cause of action within the statute, only tended to duplicity, and were not such material amendments as entitled defendant to a continuance.

The amended count, as to which the court overruled the demurrer, was clearly sufficient, and the judgment should be affirmed.

*Judgment affirmed.*