The Illinois Central Railroad Company

*v.*

Charles Aland.

*Opinion filed October 24, 1901.*

1. Evidence—*admissibility of evidence where allegation of negligence is specific.* Under an allegation that the defendant negligently and carelessly propelled, with great force, its engine against certain cars where the plaintiff was working with the knowledge of the defendant, evidence of failure to ring a bell or sound the whistle is competent, although the place of injury was not a place where it was the statutory duty of the defendant to whistle or ring.

2. Same—*sufficiency of proof that engine was propelled with great force.* An allegation that defendant's engine was propelled with great force is sufficiently sustained by evidence that the force was enough to suddenly move the car upon which the plaintiff was in the act of climbing, and cause his injury.

*Illinois Central Railroad Co.* v. *Aland,* 94 Ill. App. 428, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

W. A. Howett, (John G. Drennan, of counsel,) for appellant.

JAMES C. MCSHANE, and J. V. O'DONNELL, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case, begun in the circuit court of Cook county by Charles Aland, against the Illinois Central Railroad Company, to recover for an injury sustained by him while working as a mixer of concrete, in the construction of a viaduct across the tracks of the appellant company in the city of Chicago. The viaduct was being built by the J. L. Fulton Company, and appellee was a servant in its employ. Sand, cement and other materials to be used in the construction of the work were brought by the appellant company upon cars and left standing upon its tracks, convenient to the place where the work was being done. The concrete was mixed upon one of the cars, and it stood next to a car loaded with sand. As the work progressed the workmen were constantly passing back and forth from these cars to the pier or wall of the viaduct. As the appellee was getting upon a car loaded with sand, which stood very close to another string of cars upon the same track, it was suddenly moved by an engine which was attached to the farther end of the string of cars, and his foot was caught between the bumpers of the two cars as they came together and so injured that it was necessary to amputate his limb.

The declaration contained two counts, the first alleging that on June 19, 1896, the plaintiff, while so engaged in the work aforesaid, was, with the knowledge and consent of the defendant, upon the right of way and tracks and cars of the defendant, and it then and there became and was the duty of the defendant to use due care to avoid injuring the plaintiff while so engaged in work on or about its said tracks and cars, as aforesaid, and to operate and run its said engine and cars with such rea-

sonable care that the plaintiff, while in the exercise of due care for his own safety, would not be injured by the operation or movements of said engine or cars at or near the place or places where the plaintiff was working, but defendant, in disregard of its duty as aforesaid, while the plaintiff was with all due care for his own safety in the performance of a certain part of his work, to-wit, entering a certain freight car loaded with sand to be used in the construction of said bridge or viaduct, then and there negligently and carelessly, by its servants, moved and propelled with great force a certain engine against a certain train of freight cars connected with said car which the plaintiff was then and there entering, as aforesaid, and the plaintiff then and there, by reason of said negligent and careless movement of the said engine, was thrown from said car down to and between the bumpers or draw-bars of two of said freight cars and was injured, etc.    The second count is substantially like the first.    A trial resulted in a verdict of $9000 for the plaintiff.    Of this amount $3000 was remitted and judgment rendered for the remaining $6000.    Upon appeal to the Appellate Court for the First District the judgment below was affirmed and appellant again appeals.

The assignments of error urged by counsel for appellant are, that the court improperly admitted evidence of a failure to give warning of the approach of the engine by the ringing of a bell or sounding a whistle; that the court improperly refused an instruction directing the jury to disregard this evidence; and that the court improperly refused to give a peremptory instruction to find for the defendant.

The declaration does not charge negligence generally, as in *Rockford, Rock Island and St. Louis Railroad Co.* v. *Phillips*, 66 Ill. 548, *Chicago City Railway Co.* v. *Jennings*, 157 id. 274, and *Chicago General Railway Co.* v. *Carroll*, 189 id. 273, but the allegation is specific,—that is, negligently and carelessly propelling, with great force, the engine, etc.

If, therefore, the effect of the proof as to not ringing a bell or sounding a whistle was to prove or tend to prove a distinct negligent act or different cause of action it would have been incompetent. It is clear that the plaintiff could not allege one negligent act in his declaration and recover upon another and different one. The proof, however, of the failure to give warning of the moving or approach of the engine did not tend to prove a distinct cause of action from that alleged. At that particular place (not a crossing) it was not the statutory duty of the railroad company to sound a whistle or ring a bell, nor was the omission to do so of itself negligence. It was a circumstance or fact tending to prove that the engine and train were carelessly and negligently propelled, and had also a bearing upon the question of due care upon the part of the plaintiff. It was sufficient to allege that the defendant negligently and carelessly propelled, with great force, the engine. How it negligently and carelessly did so was a matter of proof. We think the evidence was competent. It was therefore not error to overrule the defendant's objection to it or to refuse to instruct the jury to disregard it.

The contention that there was no evidence produced upon the trial tending to prove the cause of action alleged,—that is, that the engine was negligently moved with great force,—cannot be sustained. As we understand the argument of counsel, he insists that there was no proof in the record tending to prove that the engine was propelled with great force. It is clear that the evidence tended to prove that the force was sufficient to suddenly move the car upon which the plaintiff was in the act of climbing and cause his injury, and he was required to prove nothing more. There is no standard by which to determine whether a train is being moved with great force.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*