|196   281<br>|206   114

ALBERT H. WOLF

*v.*

BERNARD COLLINS, Admr.

*Opinion filed April 16, 1902.*

LIMITATIONS—*when amendment does not state a new cause of action.* A declaration charging that defendant's foreman negligently inserted a certain handle in a hole in a brace and gave said brace a sudden and violent twist or shake, which caused the brace to fall, carrying plaintiff's intestate with it, may be amended more than two years after the injury by adding, between the word "negligently" and the word "inserted," the words, "unfastened a rope by which said brace was fastened and which would prevent its falling, and," without being open to the objection that it states a new cause of action.

*Wolf* v. *Collins*, 94 Ill. App. 518, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county for $2500, rendered in favor of the appellee and

against the appellant in an action on the case prosecuted to recover damages on account of the death of Lawrence Collins, deceased.

The evidence shows that the appellant was a building contractor, and as such was doing the structural iron work on a new post-office building at St. Paul, Minnesota. The building was some two hundred feet one way by one hundred and twenty-five feet the other, and was five stories high. Appellant lives in Chicago and the work was under the general supervision of one Maloney, his foreman or superintendent, who also had a working interest in the profits. Under Maloney there was a sub-foreman, Charles Kindt, who, it seems, had charge of the gang in question, composed of four men and the foreman. At the time of the accident this gang was endeavoring to put a brace diagonally across a panel which was nine or ten feet square, and consisted of an upright beam at each corner, upon which were placed I-beams extending from one column to the other. These I-beams were about nine feet above the next floor below and some one hundred and forty odd feet above the basement. There were three boards placed across this panel on the floor below. Deceased sat on the south I-beam and his brother on the west I-beam, and the brace in question, some ten feet in length and weighing about two hundred pounds, was raised from the floor below by means of two ropes, one on each end. The ropes extended up over the I-beams and the other ends were held and pulled by two men below. When the brace was thus raised to its position it rested upon the flange on the inside of the I-beam, and deceased's brother inserted a bolt through his end of the brace and the I-beam upon which he was sitting, but deceased for some reason was unable to get the bolt through his end. The foreman saw the difficulty and climbed up a ladder to where deceased was sitting. He then, according to appellee's contention, untied the rope and let it drop to the floor below, and then took the wrench from

deceased's hand and inserted the handle of it in the brace. Deceased at the time was sitting on the I-beam with his legs crossed beneath it, and was stooping over, holding his end of the brace with both hands. The foreman, by means of the wrench, shook the end of the brace with such violence that it came out of the flange upon which it was resting, and, the rope having been removed, the brace fell and deceased was carried down with it. He struck on one of the three boards across the panel on the floor below and then fell to the basement, causing his death.

The original declaration, after setting out the relations of the deceased and defendant and the nature of the work at which deceased was engaged, alleges that the defendant's foreman "wantonly and negligently inserted a certain handle in a hole in said brace and then gave said brace a sudden and violent twist or shake with said handle, thereby displacing and throwing down the end of said brace which said Collins was attempting to place and fasten, and the said Collins was then and there thrown from the point where he was located, a great distance to and upon the ground," etc., whereby the injury was caused, resulting in the death of Lawrence Collins.

After a lapse of more than three years from the injury the plaintiff filed an additional count, a verbatim copy of the original declaration, except that after the word "negligently" and before the word "inserted," in the part of the declaration above quoted, the following words were inserted: "Unfastened a rope by which said brace was fastened and which would prevent its falling and."

The general issue was pleaded to the original declaration and to the additional count, and a plea of the two-years Statute of Limitations to the additional count was also filed. To the latter plea plaintiff demurred and the demurrer was sustained, the defendant electing to stand by his plea of the Statute of Limitations. At the close of the plaintiff's evidence, and again at the close

of all the evidence, defendant's counsel asked the court to instruct the jury to render a verdict of not guilty, which was denied.

GEORGE W. WALL, (PERCY WERNER, of counsel,) for appellant.

JAMES C. McSHANE, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellant urges that the verdict of the jury is against the preponderance of the evidence. There was a sharp conflict as to whether or not Kindt was foreman of the gang and whether or not the act was occasioned by contributory negligence. Appellant only claims that the verdict is against the preponderance of the evidence, and that the evidence of the brother of the deceased should not be given credence. The question of whether Kindt was a vice-principal or was a fellow-servant with appellee's intestate, and the question of contributory negligence, were fairly presented to the jury by proper instructions, and it is not our province to weigh the testimony and determine where the truth of it lies. There being testimony in this case, if believed by the jury, fairly tending to support plaintiff's right to recover, the court did not err in refusing to take the case from the jury.

We think the amended declaration did not state a new cause of action. The gist of both counts was the negligent shaking of the brace. The fact that the rope was untied was a mere incident in causing the brace to fall. The act which caused it to fall was the shaking it out of the flange. It no more stated a new cause of action than if the plaintiff had alleged in an additional count that the foreman negligently pulled the brace out of the flange with his hands, instead of negligently placing the wrench in a hole in the brace and shaking it out of the flange. This is not a case where the original declaration did not

state a good cause of action. Having stated a good cause of action plaintiff could amend his declaration at any time, so long as he did not charge a different cause of action. (*Swift & Co.* v. *Madden*, 165 Ill. 41.) The negligence did not consist in untying the rope. When the braces were placed in their proper position it became necessary to untie the rope. The brace was practically in its position and deceased was attempting to insert a bolt. As the hole of the I-beam and the hole of the brace were not in line, it became necessary to move the brace, and it was the negligent moving and shaking of the brace that was charged as the negligence in both counts. Had the foreman first shaken the brace and got it out of position and then untied the rope and caused it to fall, then the contention of appellant would have greater weight. But the primary act which caused the injury was the shaking of the brace, and under that allegation it would have been proper to have shown that the flanges were not wide enough or that the bolts were not strong enough, or that the position of the brace or beam, or the means by which the brace was suspended, were not in such condition as to justify the negligent shaking of the brace. (*Illinois Central Railroad Co.* v. *Aland*, 192 Ill. 37; *Ames & Frost Co.* v. *Strachurski*, 145 id. 192.) It might be shown under the original declaration, as a part of the *res gestœ*, that the rope had been loosened, and also as giving character to the shaking of the beam, and if it had been loosened by a fellow-servant or by the deceased himself, yet the negligent shaking of the brace by a vice-principal, which caused the injury, would support a verdict.

There was no error in sustaining the demurrer to the plea of the Statute of Limitations to the amended count.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*