# The Lake Street Elevated R. R. Co. v. Miranda R. Shaw.

1. VERDICTS—*Where a Reviewing Court Will Set Aside.*—It is only in cases where a reviewing court can see clearly that the jury have found against the weight of the evidence or have been moved by passion, prejudice, misconception or partiality, that the court should set aside the verdict. To hold otherwise is to invade the province of the jury, whose peculiar function, in cases presenting a conflict in the evidence, is to determine where the truth lies.

2. NEGLIGENCE—*When Plaintiff is Entitled to Recover.*—The plaintiff is entitled to a verdict and judgment, if it be shown by the evidence that while she was in the exercise of reasonable care for her own safety she was injured by the negligent act of the defendant.

3. PLEADING—*What a General Averment of Negligence Admits.*—In pleading, the general averment of negligence is sufficient to admit proof of gross negligence.

4. ESTOPPEL—*By Asking and Giving of an Instruction—Negligence.* —Where a party defendant asks the court to give, and the court does give, an instruction submitting to the jury the facts in evidence bearing upon the question of the negligence of the plaintiff, that party is thereby estopped from afterward urging that such facts constitute negligence *per se.*

Mr. Justice BALL dissenting.

1. VARIANCE — *Between Declaration and Proof.*—A declaration charging that the defendant carelessly and negligently caused the said train of cars to be suddenly and violently started and moved, etc., whereby the plaintiff was injured, states a different cause of action from that proved by evidence that her injury was caused by the negligent starting of the train before she had a reasonable time and opportunity to get off, and before the gates were closed; that the train started evenly and smoothly, and not suddenly and violently, and that she was thrown down, not by a lurch of the train, but by the sudden arrest of the motion of the train, which her body had taken on, when her foot was planted upon the station platform.

2. WITNESSES—*Right to State Complaints of Plaintiff.*—A witness who is not an expert has no right to state the complaints of the plaintiff, not made at the time of the injury.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Mr. Justice BALL dissenting. Opinion filed October 27, 1902.

Action for personal injuries.

The declaration, consisting of but one count, alleges that the defendant was operating the Lake Street Elevated Rail-

road; that September 27, 1898, plaintiff became a passenger upon one of its trains to be carried from Wabash avenue to Sacramento avenue; that she took a seat in the rear car of that train; that "it became and was the duty of the defendant upon the arrival of said train at the Sacramento avenue station aforesaid, a station on the line of defendant's road, to give the plaintiff an opportunity of safely alighting therefrom, and then and there to stop said train a reasonable time to enable the plaintiff so to alight therefrom safely as aforesaid, yet the defendant did not regard its duty or use due care in that behalf, but on the contrary thereof, upon the arrival of said train at Sacramento avenue station aforesaid, and while the plaintiff with all due care and diligence was then and there about to alight therefrom, the defendant carelessly and negligently caused the said train of cars to be suddenly and violently started and moved, and thereby the plaintiff was thrown with great force from and off said train to and upon the wooden platform of said station," etc.

When the train stopped at Sacramento avenue appellee passed out upon the front platform of the rear car for the purpose of leaving the train. Just in front of her were two men, Mr. Walker and Mr. Sylvester, also passengers, in the act of alighting. They left the car and she immediately followed. Before she stepped off, the train had started up. She says that as she raised her foot to step off, the cars gave a sudden lurch, and the next thing she knew she was flat on the platform. Mr. Walker says that the conductor rang the bell to start and the car started just as he was about to step off the car, and that when appellee got off the car was moving. Mr. Sylvester, who followed Mr. Walker, says as he stepped off he felt the train moving, and looking back he saw appellee as she was stepping off the car onto the platform, and that when he turned around the train was moving faster than it was when he alighted. Mr. Dierkes, who was on the station platform for the purpose of boarding the train, says that he jumped on the rear platform of the second car; that the car had started before he jumped, and that as he jumped appellee stepped off the

front platform of the third car when the car was in motion; that she was not thrown off, but stepped off. The rear guard says that he noticed that the train was moving when a gentleman stepped off the car; that appellee was following him, and that she stepped off and fell to the station platform.

This train of three cars was run by a motorman and two guards. The motorman was in the front part of the front car. Kettlestrings, the front guard, stood on the platform between the first and second cars from the front. Ball, the rear guard, occupied a similar position between the second and third cars. The movement of the train was controlled by the sound of bells, one of which was in the cab of the motorman, and the other was at the rear of the first car where the front guard was stationed. When the train was to be started from a station it was the duty of the rear guard, when his platforms were cleared and he had closed his gates, to ring the bell at the rear of the first car, and then, and not until then, did the front guard ring the bell in the cab of the motorman. It was the duty of the latter upon receiving this signal, and not before, to start the train. In this instance this salutary rule was violated. Before the platforms between the second and third cars were cleared, and before the rear guard had closed his gates or had given the proper signal by ringing his bell, the front guard rang the motorman's bell and the train started.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

THEODORE G. CASE, JOHN T. MURRAY and STACY W. OSGOOD, attorneys for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Upon the undisputed evidence in this case, the negligence of the defendant in starting the train before plaintiff and other passengers had a reasonable time and chance to leave the car, and before the gates were closed, is clearly established.

Lake St. Elevated R. R. Co. v. Shaw.

The jury have found that plaintiff, in attempting to leave the car as she did, and when she did, was in the exercise of reasonable care for her personal safety, and we find nothing in the record to the contrary.

There is a sharp conflict in the evidence as to the extent of the injuries of the plaintiff occasioned by her fall upon the station platform; she contending that by reason thereof she sustained a severe and permanent injury to her right side and right hip, which so weakened her right hip that twice since such injury it has suddenly given way, causing her to fall, with serious results in each instance. It is not disputed but that for five weeks after the accident she remained constantly in bed; and that when she got up she was compelled to use two crutches for a time, and then one crutch and a cane for about one year; and after that she generally used a cane in getting about; and that up to the time of the trial she walked lame.

Appellant claims that her right hip was not hurt, but that she fell on her left side and that her injuries were trivial, and that the injuries to the right side and hip were occasioned by other falls, for which it is entirely blameless. Upon this ground it asserts that the verdict of $5,000 is excessive.

If the jury believed the contention of the plaintiff, then the damages, though large, are not so excessive as to call upon us to reverse the case for that reason. It is only in cases where a reviewing court can see clearly that the jury have found against the weight of the evidence, or have been moved by passion or prejudice, or misconception or partiality, that the court should set aside the verdict. To hold otherwise is to invade the province of the jury, whose peculiar function, in cases presenting a conflict in the evidence, is to determine where the truth lies.

Mary Fitzgerald, a non-expert witness, was asked in regard to appellee: "What did you notice about her?" To which she answered: "I saw that her knee was bruised, the right knee and hip. She complained of a pain in her right hip that way, and her face." Motion by appellant to

strike out the words, " She complained of pain in her right hip." Motion denied, and exception.

There is sufficient evidence to justify the jury in finding that the right hip of appellee was injured by the fall on the station platform, without taking into account the testimony of this witness; and therefore the error in refusing to strike out the foregoing words, if it was an error, is not one for which this case should be reversed.

The verdict of the jury should not be disturbed on the ground that the evidence does not warrant the finding. It is a question of fact whether the " defendant carelessly and negligently caused the said train of cars to be suddenly started and moved " while appellee was alighting from the car. The appellee says:

" I started to get off, and as I raised my foot to step the cars gave a lurch, and the next thing I knew I was flat on the platform."

The evidence of other witnesses tends to prove that the train started slowly and smoothly. There is no fixed standard by which to determine when a car or other movable object is started " suddenly." This car was started suddenly in the sense that it was started before the outgoing passengers had time to step off, before the gates were closed, and before a proper signal had been given for the departure of the train from the station. When the plaintiff reached the gate, and was stepping off, the evidence does not show that she knew the car was in motion. All the then conditions told her that it was still at rest, for passengers were getting on and off, the gates were open, and the guard who stood within two or three feet from her had not yet given the signal to start. A car may be started " suddenly " in point of time, or it may be started " suddenly " in manner of motion. It was the duty of the appellant to stop the train a sufficient time to allow appellee a reasonable opportunity to step off; and to start the train before that time elapsed and without notice to her, was a clear act of negligence. In this sense the car was started " suddenly." It is not necessary for a recovery, if this accident was caused by " suddenly " starting the train, that the appellee should

go on to prove that it was also "violently" started.   The appellee is entitled to a verdict and judgment, if it be shown by the evidence that while she was in the exercise of reasonable care for her own safety she was injured by a negligent act of the appellant charged in the declaration.   I. C. R. R. Co. v. Souders, 178 Ill. 588.

In Ill. Cent. Ry. Co. v. Aland, 192 Ill. 37, the plaintiff alleged that while he was getting into a car, for the purpose of unloading it, the defendant, by its servants, "moved and propelled with great force a certain engine" against such car, whereby he was thrown off and injured.   It was contended by the defendant that there was no evidence tending to prove that the engine was propelled with "great force."   The court say:

"It is clear that the evidence tended to prove that the force was sufficient to suddenly move the car upon which the plaintiff was in the act of climbing, and cause his injury, and he was required to prove nothing more.   There is no standard by which to determine whether a train is being moved with great force."

In pleading, the general averment of negligence is sufficient to admit proof of gross negligence.   R. R. & St. L. Ry. Co. v. Phillips, 66 Ill. 548.   Where a party defendant asks the court to give and the court does give an instruction submitting to the jury the facts in evidence bearing upon the question of the negligence of the plaintiff, that party is thereby estopped from afterward urging that such facts constitute negligence *per se*.   Chicago Terminal Ry. Co. v. Schmelling, 197 Ill. 619–625.

We have carefully examined the action of the trial court in admitting the statement of non-expert witnesses as to the physical condition of appellee before and after the accident in question, and do not find reversible error therein.

The court did not err in refusing to give to the jury the eighteenth instruction presented by appellant.

The foregoing is the opinion of a majority of the court, but the writer believes that the trial court erred in refusing to instruct the jury to find for the defendant at the close of all the testimony, as then requested.

The declaration charged that the defendant " carelessly and negligently caused the said train of cars to be suddenly and violently started and moved," etc., whereby she was injured, etc.; while the evidence shows that her injury was caused by the negligent starting of the train before she had a reasonable time and opportunity to get off, and before the gates were closed; that the train started evenly and smoothly, and not " suddenly and violently; " and that she was thrown down, not by a lurch of the train, but by the sudden arrest of the motion of the train, which her body had taken on, when her foot was planted upon the station platform. Hence, in my opinion, the declaration states one cause of action, while the proof shows a different cause of action. Moss v. Johnson, 22 Ill. 640.

The refusal to strike out from the testimony of Mary Fitzgerald the words, " She complained of a pain in her right hip," in my opinion is reversible error. One of the contested questions is whether it was the right hip or the left hip of appellee that was injured by this fall upon the station platform. The witness was not an expert, and therefore had no right to state complaints of the appellee, not made at the time of the injury. W. C. S. Ry. Co. v. Kennelly, 170 Ill. 512.

The judgment of the Circuit Court will be affirmed.