## V. T. Malott, receiver, v. John Schlosser.

1. JUDGMENT—*formal error in, will not reverse.* Where the judgment in a cause was against the appellant as an individual and not as an official, the error will be corrected by the Appellate Court and no reversal will follow.

2. ORDINARY CARE—*what not incompatible with exercise of.* Slight negligence is not incompatible with the exercise of ordinary care.

Action for injury to personal property. Error to the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed with judgment in this court. Opinion filed March 17, 1905.

J. P. STREUBER and TRAVOUS, WARNOCK & BURROUGHS, for plaintiff in error.

TERRY & WILLIAMSON, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case brought by John Schlosser, in the Circuit Court of Madison county against Volney T. Malott, receiver of the Terre Haute and Indianapolis Railroad Company, to recover damages for injuries to a team, wagon and harness, the property of the plaintiff. The defendant, as receiver, was in charge of and operating a railroad and switch-yard through and within the corporate limits of the city of Collinsville. Reed avenue, one of the principal streets of the city, crosses the railroad and switch-tracks at right angles near the depot or station. The railroad tracks are in line east and west, and Reed avenue leads north and south. The main track lies south of the

station.   North of the station are two switch tracks, one
known as the house-track and the other as track No. 3,
running parallel, east and west, track No. 3 being furthest
north.   The space between these tracks is used by teamsters
as a roadway in hauling coal from the mine which is lo-
cated about 500 yards west of the Reed avenue crossing.
On the day of the accident the defendant's employees moved
a train of several cars on track No. 3 and stopped with the
rear car standing on and across Reed avenue, leaving space
between the end of the car and the west side of the street
of about 15 feet.   The engine was then detached and for
a short time was engaged in switching work on the house-
track.   Richard Cravin, driving the team of mules in
question, came east from the mine on the road between
the tracks mentioned.   When he reached Reed avenue he
turned the team north to cross track No. 3, and while upon
the track, with the wagon, the train, which had been left
standing, was suddenly moved west, striking the team and
wagon, causing the injuries complained of.

The declaration contained five counts.   The first count
charges the defendant with general negligence in the man-
agement of the train; the second count charges negligence
in not having a watchman upon the rear end of the train;
the third count for not having a watchman stationed at the
crossing; the fourth count is substantially the same as the
second; and the fifth count is for negligence in failing to
give warning by blowing the whistle or ringing the bell.
Defendant pleaded the general issue.   The case was tried
by jury.   Verdict for plaintiff for $150.   Motion for new
trial overruled and judgment on the verdict, from which
the defendant prosecutes a writ of error to bring the record
before this court for review.

The first point in argument made by plaintiff in error is
that the judgment rendered is in form against the defendant
Volney T. Malott, whereas it should have been rendered
against him as receiver, and made payable out of funds in
his hands as such, and in due course of administration.
That is an error that may be obviated by a proper judg-

ment in this court, as was done in Robinson et al., receivers, etc., v. R. & M. Kirkwood, 91 App. 54.

It is next urged that the plaintiff's driver was not in the exercise of due care for his own safety, and that the verdict is manifestly against a clear preponderance of the evidence upon that question. Under the facts and circumstances appearing from the record, we are unable to say that the verdict is the result of passion, prejudice or mistake of the jury, and unless we can reach that conclusion the verdict must control. While it is true that the doctrine of comparative negligence no longer obtains in this State, it does not necessarily follow that the plaintiff may not recover in an action of damages for negligence, even though himself guilty of slight negligence. If his conduct under the circumstances was that of a reasonably prudent and careful person, he may be held to have been in the exercise of ordinary care. C. & E. I. R. R. Co. v. Randolph, 199 Ill. 126; Harvey v. C. & A. Ry. Co., 116 App. 507.

Complaint is made of the first and third instructions given at the instance of the plaintiff. It is argued that they were erroneous as expressly limiting the requirement of due care by the plaintiff to the time of his attempt to cross the track. We do not regard the instruction as subject to the criticism made, nor the authorities cited by plaintiff in error as controlling. The plaintiff was in no danger until he attempted to cross the track. What he did or failed to do before he reached the crossing can in no wise be construed as contributory negligence. In the case of North Chicago St. R. R. Co. v. Cossar, 203 Ill. 612, cited by plaintiff in error, the objectionable instruction limited the ordinary care required of the plaintiff to "the situation in which the plaintiff was placed," whereas the real question in issue was whether or not he was negligent in putting himself in the dangerous situation. In Wabash R. R. Co. v. Jensen, 99 App. 312, the limit of due care by the instruction was "at the time of the injury," and not, as in this case, at the time he "was attempting to cross the track," which was prior to the

injury. So in Chicago City Ry. Co. v. Mauger, 105 App. 579, and the other cases in the same line, it will be found that the ruling of the court on the instructions has no application under the facts of this case. Evidence of failure to blow the whistle or ring the bell was proper in support of the first count which alleges negligence generally in the management of the train which caused the injury. I. C. R. R. Co. v. Aland, 192 Ill. 37. The evidence being proper, and it being the duty of the defendant's servants under the statute to ring the bell or blow the whistle, it was not error so to instruct the jury, notwithstanding the ruling of the court to find the defendant not guilty as to the fifth count of the declaration, which specifically charged negligence in failing to ring a bell or blow a whistle. The court properly refused defendant's first refused instruction, for the reason, that it does not submit to the jury the question whether or not the intoxication of plaintiff's driver had anything to do with the injury; and so far as it relates to the exercise of ordinary care by the driver, the point is fully covered by other instructions given at the instance of both the plaintiff and defendant.

Finding no substantial error in the record the judgment of the Circuit. Court will be affirmed in all things except as to the form of judgment. It is therefore ordered and adjudged by this court, that defendant in error, John Schlosser, have and recover of and from plaintiff in error, Volney T. Malott, receiver of the Terre Haute & Indianapolis Railroad Company, the sum of $150 with interest at 5% per annum from June 26, 1904, and all his costs and charges in this behalf expended, to be paid by the said receiver in due course of administration of his said trust as such receiver, and that this judgment be duly entered upon the records of this court.

*Affirmed with judgment in this court.*