L. JEAN PERKINS, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed April 23, 1908.*

1. TRIAL—*when a motion to direct a verdict is properly denied.* A motion to direct a verdict for the defendant railroad company in an action for injuries to the plaintiff when driving over the track at a street crossing is properly denied, where there is evidence tending to sustain plaintiff's allegations that the train was backing, that there was no light on the tender, that the statutory signal was not given, that the night was dark and the crossing gates not lowered, and that plaintiff looked up and down the track but saw no train.

2. EVIDENCE—*what evidence is properly allowed to remain in.* Where witnesses testify to seeing an engine and box-car caboose backing upon defendant's track on the evening the plaintiff was injured by a train of that character, it is a question for the jury whether the train observed was the one which caused the injury; but if it appears the train stopped for coal after the witnesses observed it, their testimony as to its speed should be stricken out but that relating to its character should remain in.

3. SAME—*instruction stating statutory duty raises no inference that the duty was not performed.* An instruction which states, in the language of the statute, the duty of a railroad company to ring a bell or blow a whistle when approaching a highway crossing, does not, by advising the jury of the existence of the law, raise any inference that there was a violation of it.

4. SAME—*party waives objection to instruction by having one given of like character.* A defendant cannot complain of an instruction for the plaintiff which is argumentative and calls attention to the evidence of facts favorable to the plaintiff, where an instruction is given for the defendant which calls attention to the evidence favorable to the defendant and gives it the same prominence as was given to plaintiff's evidence by his instruction.

5. SAME—*when instruction as to determining preponderance is properly given.* An instruction for the plaintiff stating that although more witnesses testify on one side than the other the jury may give credit to the testimony of the fewer number if they believe it is more credible than the testimony of the larger number is properly given, as containing a proper qualification of an instruction for the defendant stating that the jury had no right to arbitrarily accept the statement of one witness against the statement of many unless they believed the many were not telling the truth or were mistaken.

6. SAME—*when a party has no reason to complain of modification.* A party has no reason to complain of a modification of an instruction where another instruction is given at his request which presents to the jury as the law all that was claimed by the former instruction before the modification was made.

7. RAILROADS—*when failure to receive notice to erect gates is no defense.* Where crossing gates have been constructed and operated at a certain crossing for some time before the plaintiff was injured at the crossing, the fact that the railroad company may not have received the notice to maintain the gates, which the city clerk had been instructed to give, is no defense to the plaintiff's action.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. S. L. DWIGHT, Judge, presiding.

HOGAN & WALLACE, (N. S. BROWN, of counsel,) for appellant.

J. C. & W. B. MCBRIDE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 23, 1904, between 5:45 and 6:00 o'clock in the evening, the appellee, L. Jean Perkins, was driving a delivery wagon on a public street in the city of Taylorville which was crossed by the tracks of the appellant, the Wabash Railroad Company. It was very dark and the gates at the crossing were up. As he drove upon the crossing he was struck by a work train, consisting of an engine, which was backing up with the tender in front, and drawing a box-car which had been converted into a caboose. He was thrown out and his left leg was broken in five places, three toes of the right foot were crushed so as to require amputation, and he was otherwise bruised and injured. He expended $172.50 for doctor's bills and medicine, and brought this suit in the circuit court of Christian county to recover

damages for his injuries. Upon a trial he obtained a verdict and judgment for $1550, and the judgment has been affirmed, on appeal, by the Appellate Court for the Third District.

At the close of the evidence for the plaintiff the court, at the request of the defendant, instructed the jury to find it not guilty as to the third count of the declaration, which charged negligence in allowing cars to stand upon the right of way so as to obstruct the plaintiff's view, and the fourth count, which charged negligence in running at a rate of speed in excess of the rate fixed by an ordinance of the city of Taylorville; but the court refused to direct a verdict as to the other counts, which charged negligence, generally, in the management of the engine and tender; the absence of a light on the same; the failure to ring a bell; the failure to cause the gates to be lowered, and the absence of any person on the top of the tender or upon the ground to warn persons of the approach of the train. The motion to direct a verdict was renewed at the close of all the evidence and was again denied, but the court gave an instruction that there is no law requiring that a man shall remain upon the tender of an engine that is backing up or that a man shall be stationed at crossings to warn travelers upon the highway of the approach of a backing train, which practically eliminated the charges of negligence in those respects. It is now contended that the court erred in refusing to direct a verdict for the defendant, both for want of evidence of any negligence on the part of defendant or of ordinary care on the part of the plaintiff.

The evidence for the plaintiff was that there was no light on the tender, that the statutory signal was not given, and that the plaintiff looked up and down the railroad and could not see any train coming or hear any bell. Gates had been erected at the crossing which were operated in daylight but not at night, and they were not down at the time. They were operated from a tower house, and there was evidence

for defendant that there was a signal bell on the crossing that was rung and that the bell on the engine was also rung, which was denied by plaintiff's witnesses. There was also evidence for the defendant that there was a brakeman's lantern hung on the tender, which could be seen by one approaching the crossing. The engine was a small affair, with a pilot on each end. The train had been working at a place called Willey, and according to the conductor left there at 5:00 o'clock and went through Taylorville about 5:45 or 5:50. It had stopped at a coal shaft to take coal and was moving slowly when the plaintiff was struck. This statement of the evidence shows that there was proof of defendant's negligence and plaintiff's care sufficient to support the verdict, and the court did not err in denying the motion.

The first thing complained of which occurred upon the trial, although it is the last which is mentioned in the argument, is that the court erred in admitting, and afterward refusing to strike out, the evidence of witnesses with reference to a train on the track of defendant on the evening in question. The train was of the same character as this one, consisting of an engine with a tender and box-car, and it was a question of fact for the jury whether it was the same train. The court struck out all the evidence relating to the speed of that train after it appeared that it had stopped at the coal shaft after being observed by the witnesses, but refused to exclude the rest of the testimony as to the character of the train and the manner in which it was lighted. The court did not err in the ruling.

It is also insisted that erroneous instructions were given to the jury at the instance of the plaintiff. The fourth informed the jury as to the statutory duty of the defendant to ring a bell or blow a whistle in approaching a highway crossing, and the objection made to it is that it assumed the defendant did not perform that duty. The instruction did no more than to state the duty in the language of the statute, and it cannot be said that advising the jury of the exist-

ence of the law raised an inference that there was a violation of it. The instruction did not contain such an assumption.

The seventh instruction was bad, but the defendant had no cause to complain of it. It was argumentative, and called the attention of the jury to the evidence of facts favorable to the plaintiff. It directed the jury that they had the right to take into consideration the fact that the engine was being run with the tender forward; the manner in which it was lighted; the danger of the train being run in that manner in the city; the ability of trainmen to see persons on the track, and the means used by the servants of the company to apprehend plaintiff approaching the train, so far as such facts were shown by the evidence. And this should not be done. The defendant, however, asked the court to give, and the court gave, instructions calling the attention of the jury to the evidence favorable to the defendant and giving it the same prominence which is now complained of in the seventh instruction. In addition to telling the jury that there was no statute requiring a man upon the tender of an engine backing up or that men should be stationed at crossings to warn travelers, the jury were told to consider the fact that the engine had recently stopped at the coal shaft and that it stopped a very short distance after colliding with the wagon. When the defendant asked such instructions, presenting the facts on its side of the case, the court might rightfully assume a willingness on its part that like instructions should be given for the plaintiff. As the defendant procured the giving of instructions directing attention to the evidence favorable to it, no complaint should now be made that the court directed the attention of the jury to evidence favorable to plaintiff.

The eighth instruction is complained of as attempting to determine for the jury the weight to be given to the evidence. It advised the jury that they were the judges of the credibility of the witnesses and the weight to be given to the testimony of each, and that although more witnesses

testified on one side to any fact than upon the other, if the jury believed that the testimony of the fewer witnesses was more credible than that of the larger number they had a right to give credit to the testimony of the fewer number, if, under all the facts and circumstances, they believed it entitled to receive such credit. The fourteenth instruction given at the request of the defendant told the jury that in determining upon which side the preponderance of the evidence lay they had a right to take into consideration that more witnesses testified to a state of affairs upon one side than upon another, and had no right, under the law, to arbitrarily accept the statement of one witness against the statement of many, unless there were circumstances in connection with the case from which they believed that the many were not telling the truth or were mistaken. While the two instructions, taken together, do not amount to a complete statement of the rules which should govern a jury, there was no error in giving the instruction complained of, which contained a proper qualification of the other.

It is next complained that the court erred in modifying what counsel say is the seventh instruction, but in fact is the third, asked by the defendant. As presented to the court it stated that it was the duty of a person approaching a railroad crossing to look and listen for the approach of trains and engines, and the court changed it so as to state a duty to guard against the approach of trains or engines. The fourth instruction given for the defendant told the jury that if the plaintiff, by the exercise of his faculties of seeing and hearing, could have looked and seen the train in question, or could have listened and heard it, but did not do so, they should find the defendant not guilty, although the preponderance of the evidence was that defendant was guilty of all the negligence charged in the declaration. Whether that instruction was right or wrong, it gave to the jury as the law all that defendant claimed, and there is no reason to complain of the modification of the third.

There was evidence that the city clerk was instructed to notify the defendant to maintain gates or flagmen at certain street crossings, including the one where the accident occurred, and there was no evidence that the notice was given. The sixth instruction asked by the defendant stated that there could be no recovery on the charge of the second count, that the defendant negligently failed to cause the gates to be lowered, if the plaintiff failed to show that sixty days' notice, in writing, had been given to construct and maintain the gates. The court modified the instruction by adding: "Unless you further find, from the evidence, that such notice was waived by the defendant." The gates had been erected and maintained by the defendant for some time, and it could not say in defense of this action that it had not received notice to erect and maintain them. *Chicago and Alton Railway Co.* v. *Averill*, 224 Ill. 516.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*