# THE VILLAGE OF CARTERVILLE

## *v.*

## SAMUEL COOK.

*Filed at Mt. Vernon June 17, 1889.*

1. NEGLIGENCE—*concurring negligence of different parties—who shall be liable.* If a person, while exercising due care for his personal safety, be injured by the combined result of an accident and the inadvertent or careless act of another, or the negligence of a city or village, and the injury would not have been sustained but for such negligence of the city or village, yet, although the accident or wrongful act of the third person be the primary cause of the injury, if it was such as common prudence could not have foreseen and avoided, the negligent city or village will be liable for the injury.

2. So where a boy about fifteen years old, while, in the observance of ordinary care for his own safety, passing along a much used sidewalk of a village, was, by reason of the inadvertent or negligent shoving by one boy against him, jostled or pushed from the sidewalk at a point where it was elevated some six feet above the ground, and where it was unprotected by railing or other guard, and he was thereby seriously injured, it was *held,* that the village was liable to the party so injured, in damages, notwithstanding the primary cause of his injury was the act of the other boy.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Williamson county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. J. M. WASHBURN, and Mr. W. W. BARR, for the appellant :

A municipal corporation may determine for itself to what extent it will guard against mere possible accidents. 2 Dillon on Mun. Corp. sec. 1005; *Lansing* v. *Toolon,* 37 Mich. 132; *Freeport* v. *Isbell,* 83 Ill. 440.

Want of railings is not negligence *per se.* *Staples* v. *Canton,* 69 Mo. 592; *Fairbury* v. *Rogers,* 2 Bradw. 96; *Grayville* v. *Whitaker,* 85 Ill. 439.

It is only required to keep its sidewalks in a reasonably safe condition. *Centralia* v. *Krouse,* 64 Ill. 19; *Chicago* v. *McGiven,* 78 id. 347; *Chicago* v. *Bixby,* 84 id. 84; *Bloomington* v. *Read,* 2 Bradw. 542.

It is not liable for an injury caused by the combined effect of the unsafe condition of a highway and the unlawful or careless acts of a third person. *Sheppard* v. *Chelsea,* 4 Allen, 113; *Rowell* v. *City of Lowell,* 7 Gray, 103; *Rockford* v. *Tripp,* 83 Ill. 248; *Marble* v. *Worcester,* 4 Gray, 395; *Quincy* v. *Barker,* 81 Ill. 300; *Lovenguth* v. *Bloomington,* 71 id. 238; 2 Dillon on Mun. Corp. sec. 1006.

Mr. B. W. POPE, and Mr. GEORGE W. YOUNG, for the appellee :

Whether a sidewalk is really defective, is a question of fact. *Burt* v. *Boston,* 122 Mass. 223.

Whether a railing or a light at any part of the highway is necessary, is a question of fact for the jury. 4 Wait's Actions and Defenses, 677; Shearman & Redfield on Negligence, secs. 390, 391, 414; *Houfe* v. *Town of Fulton,* 29 Wis. 296; 9 Am. Rep. 568; *Leicester* v. *Town of Pittsford,* 6 Vt. 245.

Whether or not a sidewalk is properly constructed, is a question within the province of a jury. *Sullivan* v. *Oshkosh,* 55 Wis. 558; Morrill on City Negligence, 236.

It is the duty of a municipal corporation to keep its streets, etc., in a reasonably safe condition for public use. *Dewire* v. *Bailey,* 131 Mass. 169; *Niven* v. *Rochester,* 76 N. Y. 619.

The city is charged with a duty to keep its streets in order, and, it may almost be said, is bound to act upon the assumption that they are unsafe. Morrill on City Negligence, 136.

When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in a highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have been sustained but for such defect. *Clark* v. *Lebanon,* 63 Me. 393; *Macauley* v. *New York,* 67 N. Y. 602; *Kennedy* v. *New York,* 73 id. 365; *Galveston* v. *Posnainsky,* 62 Texas, 118; *Crawfordsville* v. *Smith,* 79 Ind. 308; Morrill on City Negligence, 106.

Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event, other than the plaintiff's fault, to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in order of time. Shearman & Redfield on Negligence, secs. 10, 596, 27, 45; 4 Wait's Actions and Defenses, 719.

Where a town neglected to keep a highway reasonably safe, the fact that there was negligence of a third party in contributing to the injury is of no consequence. *Burrell Township* v. *Uncapher,* 4 Pa. (L. ed.) 756.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The evidence given upon the trial tended to prove that the plaintiff, a boy of some fifteen years of age, while, in the observance of ordinary care for his own safety, passing along a much used public sidewalk of the defendant, was, by reason

of the inadvertent or negligent shoving by one boy of another boy against him, jostled or pushed from the sidewalk, at a point where it was elevated some six feet above the ground, and was unprotected by railing or other guard, and thereby seriously injured in one of his limbs.

The objection urged against the ruling in refusing and modifying instructions, presents the question whether, conceding the negligence of the defendant in omitting to reasonably guard the sidewalk at the point where plaintiff was injured, by railing or otherwise, the concurring negligence of a third party over whom it had no control, in producing the injury, releases it from liability. The Supreme Court of Massachusetts have held in *Rowell* v. *City of Lowell,* 7 Gray, 103, *Kidder* v. *Dunstable,* id. 104, and *Shephard et ux.* v. *Inhabitants of Chelsea,* 4 Allen, 113, that it does. These cases, however, seem to rest, to some extent, upon the phraseology of the Massachusetts statute, which is less comprehensive, in this class of cases, than is the ruling in this court. (*Chicago* v. *Keefe, Admr.* 114 Ill. 222.) At all events, we are committed to a different line of ruling upon this question. In *Joliet* v. *Verley,* 35 Ill. 58, *Bloomington* v. *Bay,* 42 id. 503, and *City of Lacon* v. *Page,* 48 id. 500, we held, that if a person, while observing due care for his personal safety, be injured by the combined result of an accident and the negligence of a city or village, and the injury would not have been sustained but for such negligence, yet, although the accident be the primary cause of the injury, if it was one which common prudence and sagacity could not have foreseen and provided against, the negligent city or village will be liable for the injury.

It is not perceived how, upon principle, the intervention of the negligent act of a third person, over whom neither the plaintiff nor the defendant has any control, can be different in its effect or consequence, in such case, from the intervention therein of an accident having a like effect. The former no more than the latter breaks the causal connection of the

negligence of the city or village with the injury. The injured party can no more anticipate and guard against the one than the other, and the elements which constitute the negligence of the city or village must be precisely the same in each case; and we have accordingly held, that where a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately. (*Wabash, St. Louis and Pacific Ry. Co.* v. *Shacklet, Admx.* 105 Ill. 364; *Transit Co.* v. *Shacklett,* 119 id. 232.) And this is abundantly sustained by decided cases elsewhere. *Northern Pennsylvania Railroad Co.* v. *Mahoney,* 57 Pa. St. 187; *Cleveland, etc., Railroad Co.* v. *Terry,* 8 Ohio, (N. S.) 570; *Smith* v. *N. Y., S. and W. Railroad Co.* 46 N. J. L. 7; *Webster* v. *Hudson River Railroad Co.* 30 N. Y. 260; Patterson on Railway Accident Law, secs. 39, 95, and cases cited in notes appended to each section. See, also, Shearman & Redfield on Negligence, (2d ed.) secs. 10, 27, 46, 401. And we have applied the same rule in a suit for negligence against a municipal corporation. *Peoria* v. *Simpson,* 110 Ill. 301.

The Massachusetts rule seems to be applied also in Maine, (*Moulton* v. *Sanford,* 51 Me. 127, *Wellcome* v. *Leeds,* id. 313,) but it seems to have been elsewhere repudiated when the question has been considered. See *Hunt* v. *Pennell,* 9 Vt. 411, and authorities cited *supra.*

The instructions, as given, fairly presented the law of the case to the jury; and concurring, as we do, fully, with the views expressed in the opinion of the Appellate Court by Mr. Justice GREEN, (*Village of Carterville* v. *Cook,* 29 App. Ct. R. 495,) we deem it unnecessary to comment further upon the rulings below.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE BAKER, having tried this case in the circuit court, took no part in its consideration here.