The Chicago and Alton Railway Company
*v.*
Julie Etta Averill.

*Opinion filed December 22, 1906.*

1. Railroads—*when company cannot urge want of notice of ordinance.* A railway company which erects gates at a crossing under an ordinance requiring the gates to be operated day and night, and operates them in the daytime only, cannot urge, in an action for personal injury, want of notice of the provision requiring such operation at night, nor can it, by operating the gates in the daytime only, relieve itself from liability for failure to operate them at night.

2. Same—*ordinance regulating operation of trains is presumed to be reasonable.* An ordinance requiring the operation of gates at a railroad crossing both day and night is presumptively valid, and the ordinance is properly admitted in evidence, in an action against the railroad company for personal injury, without preliminary proof that the crossing was such as to make the ordinance reasonable.

3. Same—*when negligence of street car company does not relieve railroad from liability.* Misunderstanding of signals between the motorman of a street car and the conductor, who had gone forward to a railroad crossing, whereby the car was run upon the crossing and struck by an approaching train, does not relieve the railroad company from liability as being, as a matter of law, the proximate cause of the injury, where the railroad company was at fault in disregarding an ordinance requiring it to maintain and operate gates at such crossing.

4. Same—*when a settlement with one joint tort feasor does not release other.* A settlement between a street car company and a passenger who was injured in a collision between the street car and a train, whereby the passenger covenants not to sue the street railway company, is not a "release" of one joint feasor which operates to release both, and does not bar action against the other company.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

This is an action on the case commenced in the circuit court of Sangamon county by appellee, Julie Etta Averill, against the Chicago and Alton Railway Company and the

Springfield Consolidated Railway Company to recover for personal injuries.

On March 19, 1904, about nine o'clock in the evening, appellee, as a passenger, was riding on one of the street cars of the Springfield Consolidated Railway Company, in the city of Springfield, and was approaching the crossing of Third and Monroe streets. The Chicago and Alton Railway Company had two tracks on Third street, extending north and south. Safety gates had been erected on both sides of Third street and were under the charge of a gateman, who operated them from a tower, between the hours of seven A. M. and seven P. M. At the time of the accident the C., H. & D. R. R. Co., lessee of the Chicago and Alton company, had a train standing on the west track on the south side of Monroe street, facing north. The Chicago and Alton company had a train on the east track approaching the crossing from the south. The street car stopped just west of the crossing and the conductor went ahead to look for approaching trains. He made a signal, which was misunderstood by the motorman as a signal to go ahead. The car started, and when it was about one-third of the way across the track it was struck by the approaching train, which lifted it clear of its track and carried it forty or fifty feet to the north. Appellee was seated on the north side of the car, to the left of the stove. As a result of the collision she received the injuries for which she now sues.

The action was originally commenced against both the railroad company and the street car company. Numerous counts were filed charging many acts of negligence against both defendants. A settlement was effected with the latter company, whereby appellee, for a consideration of $1250, dismissed her suit as to that company. Six amended counts were then filed, which eliminated the negligence of the street car company. The general issue, together with four special pleas, were filed, in which was alleged the settlement with the street car company, a joint tort feasor, and this was filed

in bar of the suit. At the close of the evidence all of the counts were withdrawn but the first one, and judgment was rendered in favor of appellee for $1250. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

Patton & Patton, (F. S. Winston, of counsel,) for appellant.

George W. Kenney, and Robert H. Patton, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Instructions were duly asked by the defendant directing the jury to find it not guilty, which were refused. It is insisted that this ruling constituted reversible error. The count of the declaration under which the recovery was had charged the appellant with negligence in failing to operate its gates as required by the ordinances of the city of Springfield. The record shows that the city had passed an ordinance requiring appellant to erect gates at the crossing in question and operate them both day and night. It is insisted by appellant that the notice required by statute to be given appellant was not proven as a prerequisite to the validity of the ordinance, and for that reason the ordinance could not be enforced against appellant, and that upon it no right of recovery can be based. It is said that under paragraph 99 of chapter 114 (Hurd's Stat. 1905, p. 1583,) after the city authorities determine that a flagman is necessary at any particular street crossing within the limits of a municipality, it is its duty to notify the railroad company to place a flagman at said crossing within sixty days of said notice. On the other hand, it is contended by appellee that the provisions of that chapter apply only to flagmen at crossings, and not to the establishment of gates, and that the power and authority of cities and villages to require gates to be erected

is by virtue of paragraph 27 of section 62, chapter 24. (Hurd's Stat. 1905, p. 300.) We do not regard the questions thus raised important in the decision of the case. It is admitted that the city passed a valid ordinance requiring appellant to erect gates at the crossing. That ordinance was offered in evidence, and by its terms it required the railroad company to operate gates both day and night. It also appears from the evidence that the company attempted to comply with the requirements of the ordinance. The gates were duly erected and had been operated for years from seven o'clock A. M. until seven o'clock P. M. of each day, but it failed to comply with the requirements of the ordinance and did not operate them during the night. If the ordinance had been passed and the city had failed to serve any notice upon the company to erect the gates, and the city had sought to enforce a penalty against the company for failure to comply with the ordinance, the question might have arisen whether section 114, *supra,* was applicable. But after the ordinance was passed the company recognized its validity by erecting the gates and partially complied with its requirements in operating them. If any notice was therefore necessary it waived it. It could not, however, relieve itself from liability for a failure to comply with it by operating the gates for only a part of the time required.

It is next insisted that said ordinance was invalid for the reason that it was unreasonable in requiring the gates to be operated both night and day, and that the burden of proof was upon appellee to prove, in the first instance, that there was such danger at the crossing as to necessitate the operation of gates both day and night, and in the absence of such preliminary proof the ordinance was improperly admitted in evidence. In the case of *Chicago and Alton Railroad Co.* v. *City of Carlinville,* 200 Ill. 314, we said (p. 322) : "The determination of the question whether or not the ordinance in question was reasonably necessary for the protection of life and property within the city was committed, in the first

instance, to the municipal authorities thereof by the legislature. When they have acted and passed an ordinance it is presumptively valid, and before a court would be justified in holding their action invalid, the unreasonableness or want of necessity of such a measure for the public safety and for the protection of life and property should be clearly made to appear. It should be manifest that the discretion imposed in the municipal authorities has been abused by the exercise of the power conferred, by acting in an arbitrary manner." In the case of *People* v. *Cregier,* 138 Ill. 401, it was said (p. 414) : "It is undoubtedly true that municipal ordinances, to be valid, must be reasonable, or, to state the rule more accurately, must not be unreasonable. (*City of Lake View* v. *Tate,* 130 Ill. 247.) The presumption, however, is in favor of their validity, and it is therefore incumbent upon any one who seeks to have them set aside as unreasonable, to point out or show affirmatively wherein such unreasonableness consists." To the same effect see *Standard Oil Co.* v. *City of Danville,* 199 Ill. 50; *Harmon* v. *City of Chicago,* 140 id. 374. Manifestly, under these authorities the court committed no error in refusing to exclude the ordinance on the ground that it was not shown by the appellee to be reasonable.

It is next insisted that the fact that the gates were not lowered at the time of the accident was not the proximate cause of the injury, for the reason that it was occasioned by the negligence of either the conductor or motorman of the street car. The question as to the proximate cause of the injury is one of fact for the determination of the jury, and therefore not reviewable in this court unless there is an entire absence of evidence in the record tending to show that the failure to lower the gates caused or directly contributed to the injury. (*City of Rock Falls* v. *Wells,* 169 Ill. 224.) Negligence may be the proximate cause of an injury of which it is not the sole cause. If the appellant's negligence concurred with some other event, other than appellee's fault,

to produce the injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the appellant is responsible even though its negligent act was not the nearest cause in order of time. (*Village of Carterville* v. *Cook,* 129 Ill. 152; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242.) The evidence shows that as the car approached the railroad tracks it was stopped, and the conductor went forward to see that the tracks were clear and the car could safely cross. He either made the wrong signal to the motorman or the motorman misunderstood the signal given. It is immaterial which one of them was to blame for that mistake. If appellant was not in default and the accident was the result solely of the negligence of the employees of the street car company appellant's position would be correct. But the ordinances of the city require that the appellant company should operate the gates day and night. As the car approached the crossing, if the appellant company had complied with the terms of the ordinance the gates would have been lowered and the motorman would have been thereby warned of the approach of the train. The fact that the conductor went forward was simply an extra precaution required by the street car company, and in no way released the railroad company from its obligation to comply with the requirements of the ordinances passed by the city. We cannot say, as a matter of law, that the failure of the railroad company to operate the gates was not the proximate cause of the injury.

It is next insisted by appellant that the release executed by appellee to the street car company was also a release of appellant, under the well known rule that a release of one tort feasor is a release of both. An examination of the record, however, does not bear out this contention, for the reason that the agreement between the appellee and the street car company was not a release within the meaning of that rule. It provides that it is expressly agreed and understood

that the contract shall not be held or construed to be a release of any damages or right of action arising to appellee by reason of any matters at that date existing. The legal effect of a covenant not to sue is not the same as that of a release. A covenant not to sue a sole tort feasor is considered in law a discharge and a bar to an action against him, but the rule is otherwise where there are two or more tort feasors and the covenant is with one of them not to sue him. In such case the covenant does not operate as a release of either the covenantee or the other tort feasor, but the former must resort to his suit for breach of the covenant and the latter cannot invoke the covenant as a bar to an action against him. (*City of Chicago* v. *Babcock*, 143 Ill. 358; *West Chicago Street Railroad Co.* v. *Piper*, 165 id. 325.) The covenant in question was not to sue, and therefore came clearly within the rule announced in the two cases above cited and did not operate as a release to appellant.

Complaint is next made of the first, second, third and fourth instructions which the court refused to give on behalf of appellant, to the effect that the first count of the amended declaration was faulty and the jury should disregard it; that the evidence was insufficient to justify a verdict thereunder; that the failure to operate the gates should be disregarded, and that the defendant owed no duty to plaintiff, at the time of the collision, with respect to such gates. From what we have said it follows that these instructions were properly refused.

Complaint is also made of other instructions given and refused, but from a careful examination of all of them we are of the opinion that no reversible error was committed by the court in that regard. The instructions given and refused were along the line here indicated and were in accordance with the law applicable to the facts.

We find no reversible error, and the judgment will be affirmed.                    *Judgment affirmed.*