### Illinois Central Railroad Company v. Lizzie Scheevers, Administratrix.

1. ORDINANCE—*when not to be held unreasonable.* When municipal authorities have adopted an ordinance, before a court is justified in holding the same to be invalid, the unreasonableness or want of necessity of such a measure for the public safety and for the protection of life and property must be made clearly to appear.

2. ORDINANCE—*limiting speed of vehicles; to whom applies.* An ordinance which limits the speed of vehicles to six miles per hour, applies to a fire marshal driving to a fire.

3. CONTRIBUTORY NEGLIGENCE—*when violation of ordinance constitutes.* A person injured by colliding with a railroad train is guilty of contributory negligence where at the time of such collision he was driving a vehicle in excess of the speed permitted by ordinance.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Reversed, with finding of facts. Opinion filed June 1, 1907.

SHUTT, GRAHAM & GRAHAM, for appellant; JOHN G. DRENNAN, of counsel.

J. A. BLOOMINGSTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment on the verdict of a jury, rendered in the Circuit Court in favor of appellee and against appellant, for the sum of $2,500.

The declaration in its various counts alleges that the plaintiff's intestate who was fire marshal of the city of Springfield, while driving to a fire on the night of January 10, 1905, was killed by a collision with one of the defendant's switch engines at Seventh and Madison streets in said city. The negligence charged in the several counts upon which the cause was submitted to the jury, was the failure to give warning by

ringing a bell, the failure to keep a headlight burning, and running at a rate of speed in violation of an ordinance then in force in the city of Springfield, limiting the speed of passenger trains to twelve, and freight trains to six miles an hour.

The evidence shows that appellee's intestate, Scheevers, in company with his son and one Hamilton, in response to an alarm of fire, started from one of the fire engine houses in Springfield in a single buggy hitched to a horse which was driven by the deceased. He drove rapidly north until they arrived within a block of appellant's railroad tracks which ran east and west on Madison street. The deceased then drove at a gallop around and past a hook and ladder truck which preceded them, and upon reaching appellant's second south track, collided with one of its engines. The deceased was thrown from the buggy, causing injuries from which he died shortly thereafter.

At the time of the collision ordinances were in force in the city of Springfield which provided that no railroad company should permit to be run, within the limits of said city, any passenger train or car at a greater rate of speed than ten miles per hour, nor freight train or car at a greater rate of speed than six miles per hour; and further that the bell of each locomotive engine should be rung continually, while running upon any railroad track within said city; and every locomotive engine, car or train of cars, running in the night time on any railroad track in the city, should keep a bright and conspicuous light at the forward end of such locomotive engine, car or train of cars.

Upon the issues as to whether or not, at the time of the collision, the locomotive engine was running at a rate of speed in excess of that prescribed by ordinance, whether the head-light of the same was burning, and whether its bell was being rung, as further provided by the ordinance, the evidence was close and conflicting. If the jury believed the testimony of appellee's witnesses, we cannot say that they were not

fully justified in finding that appellant was guilty of a violation of each of the foregoing ordinances.

The chief ground urged for reversal is that the deceased was at the time of his death, violating another city ordinance then in force, which limited the speed of vehicles to six miles an hour, and further provided that no person should heedlessly drive any animal so as to come into collision with any other vehicle or animal. It is insisted that such violation contributed to his death and, as a matter of law, constituted contributory negligence sufficient to bar a recovery by appellee.

The evidence shows that although the deceased may have had the horse under control at the time he was injured, he was nevertheless driving at a rate of speed in excess of that limited by the latter ordinance. Hamilton who was with him in the buggy testified that the horse was probably traveling at the rate of fifteen miles an hour when they reached the planking fifteen feet south of the track upon which the collision occurred. Four other witnesses estimated the rate at from ten to twenty miles an hour, and neither of the witnesses who saw the accident testified to a lesser rate of speed than ten miles an hour.

It is contended by appellee that the ordinance in question is unreasonable and hence should not be held to be here applicable; and that a fireman going to a fire is not bound by ordinances regulating speed unless he is specifically included within such enactment. While it has been held in several states that a fireman is not amenable to such ordinance, on the ground of public policy, and that such an ordinance is enacted merely to control those using the street for ordinary purposes, we are constrained to hold to the contrary. The ordinance is by its unequivocal terms applicable to all alike, and if reasonable, should and must be enforced. We recognize that it is essential that firemen should be allowed to reach the scene of a fire within the shortest possible time consistent with safety

to the public. It is equally true, however, that none, not even members of the fire department, should be permitted to drive over and along the public streets at a rate of speed which might endanger the lives and limbs of the public. When municipal authorities have adopted an ordinance, before a court is justified in holding the same to be invalid, the unreasonableness or want of necessity of such a measure for the public safety and for the protection of life and property must be clearly made to appear. It should be manifest that the discretion interposed by the municipal authorities has been abused. C. & A. R. R. Co. v. Averill, 224 Ill. 516.

The city council of Springfield, in the exercise of the discretion reposed in it by law, did not see fit to except or exempt firemen from the operation of the ordinance in question. It may, therefore, be reasonably presumed that it was the judgment of that body that the interests of the public did not demand such exceptions or exemptions. The question as to what is demanded by public policy can best be determined by the legislative body which represents the public, and we are therefore reluctant to hold that the passage of the ordinance under consideration constituted so clear an abuse of discretion as to render the same unreasonable and void.

Appellee's intestate at the time he met with the injuries which caused his death was therefore violating a valid and binding ordinance of the city. That he would not have been injured otherwise is obvious. The ordinance was such a one as the city was authorized to enact, and therefore had the force and effect of a statute. Its violation by the deceased constituted, as a matter of law, a *prima facie* case of negligence on his part which was not overcome by the evidence. Such violation contributed to the injury which resulted in his death. "Contributory negligence is nothing more or less than negligence on the part of the plaintiff, and the rules of law applicable to negligence of a

defendant are applicable thereto.'' Beach on Contributory Negligence, sec. 161; Village of Clayton v. Brooks, 150 Ill. 97.

It follows that no recovery can be had for the death of appellee's intestate, notwithstanding the same was due in part to the negligence of appellant.

The judgment of the Circuit Court will therefore be reversed without remanding the cause for another trial.

*Reversed.*

Finding of fact: We find that at the time G. F. W. Scheevers received the injuries which resulted in his death, he was not in the exercise of due care and caution for his own safety, and that such lack of care contributed to said injuries.