## Wabash Railway Company v. L. Jean Perkins.

1. INSTRUCTIONS—*must not be argumentative.* Instructions argumentative in form should not be given, and if prejudicial, unless the prejudice is removed by other instructions given, constitute ground for reversal.

2. INSTRUCTIONS—*must not give undue prominence to particular facts.* An instruction is erroneous which calls the attention of the jury to specific matters of evidence.

3. INSTRUCTION—*when error in giving undue prominence to particular facts not open to review.* The vice of an instruction which consists in calling the attention of the jury to specific matters of evidence is not subject to complaint where the complaining party has caused instructions to be given which contain a like vice.

4. VERDICT—*when not excessive.* A verdict for $1,550 rendered in an action on the case for personal injuries is not excessive where it appears that the plaintiff's leg was broken in five different places and he suffered the loss of a part of three toes, besides sustaining other minor injuries.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

HOGAN & WALLACE, for appellant; C. N. TRAVOUS, of counsel.

J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Christian county against appellant to recover damages sustained by him in an injury alleged to have resulted from the negligent manner in which the servants of appellant ran a construction train, consisting of a locomotive, tender and one car, in the city of Taylorville in said county. There was a verdict in favor of appellee upon which the court rendered judgment in the sum of $1,550, from which the railroad company has appealed.

Wabash Ry. Co. v. Perkins.

It appears from the evidence that appellee was driving north on Cherokee street in the city of Taylorville on the evening of the twenty-third day of November, 1904, and had driven upon the railroad tracks of appellant to cross the same when appellant by its servants ran its engine backward, which collided with appellee, threw him to the ground and inflicted injuries which are claimed by him to be of a permanent character.

The negligence was alleged to consist in not having the gates across the street lowered as required by an ordinance of said city, in not having sufficient light upon such engine and tender, in improperly running such engine and tender backward, and in not ringing a bell or blowing a whistle as required by law at public crossings.

Appellant first contends that appellee was not in the exercise of due care for his own safety and that the injury was the direct result of his own negligence. This question was purely one of fact for the jury under the evidence and we are entirely satisfied with their finding on that subject. There was an ordinance in said city which had been in force and acquiesced in by appellant for several years prior to the time of the injury which required the keeping and maintaining of gates at the street crossings where the injury took place, and appellee had a right to rely upon appellant's observance of its duty in that regard.

The evidence is undisputed that the gates on the street in question were open at the time appellee was injured and the jury probably found, as they had a right to do, that such omission to close the gates upon the part of appellant was of itself a controlling element in determining appellee's due care and appellant's negligence under the circumstances.

Furthermore, the great preponderance of the evidence was to the effect that at the time of the accident it was quite dark and that the only light upon the end of the tender toward appellee was an ordi-

nary railroad lantern, and that the headlight upon the engine threw its light from appellee and not toward him. We think a careful review of the evidence establishes appellant's negligence and appellee's due care.

It is next contended by appellant that there was error in not striking from the record the testimony of witnesses who saw a train several rods away and easterly from the place where the accident took place, going westerly and toward the crossing where appellee was injured, having no headlight upon the end toward the west.

Even if this was error, it was not so prejudicial in its nature as to make a reversal necessary. The train described by these witnesses was such a train in its make-up as the one that is admitted to have been the cause of the injury, and passed the witnesses at about the time of the accident, and had no headlight to the westward. Witnesses for appellant testified to the use of the train in question eastward from the crossing in dispute and to stopping at a coal shaft a short distance east of the place of the accident, while there was no testimony offered by appellant to show that there was any other engine or train similar to the one in question, which could have been seen by the witnesses whose testimony is challenged, run over the road at about the time these witnesses say they saw the train described by them.

Appellant next contends that it was error to give appellee's seventh instruction. The instruction in substance told the jury that they, in determining whether or not appellant was guilty of negligence, could take into consideration the facts, if proven, that the engine was being run with the tender in front of it, the manner in which it was lighted, the danger incident to so running a train and the ability of the servants in charge thereof to see persons upon the track.

This instruction was clearly argumentative and should not have been given. It was such an error to

Wabash Ry. Co. v. Perkins.

tell the jury that they could take into account the fact that the engine was being run backward and to call attention to the manner in which it was lighted, etc., that a reversal of the case would be necessary but for the fact that some of the instructions given for appellant, in our judgment, rendered the error a wholly harmless one.   Appellant's tenth and eleventh instructions, in substance, told the jury that it was not against the law to run an engine backward, but that a railroad company had a right to so run it and, upon the subject of lights, that it was sufficient for appellant to show that there was a light upon the tender, or that it had other lights about the engine or train so that appellee could have seen the same if he had looked; while its instruction number twelve called the attention of the jury specifically to the manner in which the engine was run as described by appellant's servants who were witnesses in the case.   The error did not consist in stating a proposition of law that was disputed or qualified, by that stated in some other instruction, but in calling the attention of the jury to specific matters of evidence, a fault which appellant itself adopted in its own instructions.   There is no excuse for the error, yet appellant is in no position to complain of it.

Appellant next contends that it was error for the court to refuse, as offered, its sixth instruction which in effect told the jury that unless there was evidence in the case to show that notice in writing had been given to the railroad company sixty days before the time of the accident ordering it to construct and maintain gates at the Cherokee street crossing in question, as provided by the terms of said ordinance, they should find for appellant upon that issue, and in modifying the same by adding thereto the words: "unless you further believe from the evidence that such notice was waived by the defendant," and giving it as modified.

This question was before the Supreme Court in C.

& A. Ry. Co. v. Averill, 224 Ill. 516, where it was held that after a railroad company has erected gates as required by an ordinance it cannot afterward be allowed to plead want of notice of the provisions of the ordinance requiring notice. In the case at bar the company had erected gates at the place in question three or four years prior to the time of the injury, which it had maintained up to the time of the accident. The rule announced in the Averill case is decisive here.

Other criticisms are made by appellant upon the action of the court in giving and refusing instructions but it is enough to say that as a whole the instructions seem to have been entirely fair toward appellant, and that it is in no position to complain of the court's action in that regard.

Complaint is also made that the damages are excessive, but in this respect the action of the jury seems to have sufficient warrant in the evidence. Appellee's leg was broken in five different places and he suffered the loss of part of three toes, besides other injuries, minor in character. There was the testimony of two physicians to the effect that appellee's injuries were permanent, which was in no way disputed.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*