DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1910.

Christian Schmalfeld, Administrator, Appellee, v. Peoria & Eastern Railway Company, Appellant.

1. NEGLIGENCE—*what essential to recover for death caused by wrongful act.* In actions to recover for death caused by wrongful act it is necessary to aver and prove three elements: (1) the existence of a duty on the part of the defendant to protect the deceased from the injury which resulted in his death; (2) the failure of the defendant to perform such duty; (3) the death of the deceased resulting from such failure.

2. NEGLIGENCE—*right of citizens to rely upon observance of speed ordinance.* A person approaching a railroad crossing for the purpose of passing over the same is entitled to assume that the railroad company in running its trains over such crossing will observe the ordinances of the municipality with respect to speed.

3. PLEADING—*effect of defective count after verdict.* If one count of a declaration is sufficient, the fact that other counts contained in the declaration do not state causes of action is immaterial where the verdict in an action on the case is entire.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910. Rehearing denied. Opinion modified May 26, 1910.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, J. P. LINDSAY and HAMLIN, GILLESPIE & FITZGERALD, of counsel.

S. P. ROBINSON and WELTY, STERLING & WHITMORE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by Christian Schmalfeld, as administrator of the estate of Mary Schmalfeld, deceased, against the Peoria & Eastern Railway Company, to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the Cleveland, Cincinnati, Chicago & St. Louis Railway, the alleged lessee of the defendant. Upon a trial by jury in the circuit court of McLean county there was a verdict and judgment against the defendant for $1,000, from which judgment the defendant prosecutes this appeal. The declaration contains five counts. The first and second counts allege the negligent operation generally by the servants of said lessee railroad company of its engines and train of cars whereby plaintiff's intestate, while in the exercise of due care for her own safety in attempting to cross defendant's right of way on Allin street, in the city of Bloomington, was struck by said engine and cars. The third count alleges that the train of defendant's lessee was being operated at a greater rate of speed than ten miles an hour contrary to the provisions of an ordinance of the city of Bloomington, and that plaintiff's intestate while in the exercise of due care for her own safety was struck by said train as aforesaid, at said street crossing, and killed. The fourth count alleges the existence of an ordinance of the city of Bloomington requiring defendant's said lessee to place and keep a gate at Allin street in said city, and requiring the same to be in operation on every day of the week from seven o'clock in the morning until seven o'clock in the evening, and alleges that defendant's said lessee had installed such a gate, and that plaintiff's intestate, while the said gates were open so as to invite people to cross the said railway, and while in

the exercise of due care for her own safety, and while attempting to walk across said railway, was struck by said engines and train and was thereby then and there greatly injured, and died in consequence of such injuries. The fifth or amended additional count alleges that while plaintiff's intestate was attempting to cross said railroad she slipped and fell down upon said railroad and then and there became helpless and unable to get up and off said railroad at a time when said train of cars was at sufficient distance away to have enabled the servants of the defendant's said lessee to have seen her in a position of peril, and to have stopped the train, if said servants had been maintaining a proper and suitable lookout to avoid injuring pedestrians in crossing said railroad; that it was the duty of the servants of the defendant's said lessee as aforesaid, to stop their said engine and train of cars before their arrival at the place where plaintiff's intestate was upon said railroad, but that the said servants of the defendant's lessee, as aforesaid, then and there negligently and carelessly ran said train upon and against her and struck and killed her. To this declaration the defendant pleaded the general issue and a further plea denying that the Cleveland, Cincinnati, Chicago & St. Louis Railway Company was the lessee of the defendant and the owner of the engines, train of cars, etc., as charged in the declaration. A trial of the cause in the circuit court of McLean county resulted in a verdict and judgment against the defendant for $1000, to reverse which judgment the defendant prosecutes this appeal.

Front and Grove streets in the city of Bloomington run east and west and Allin street runs north and south connecting said east and west streets. The tracks of the Peoria & Eastern Railway and the Lake Erie & Western Railway, which are nineteen feet apart from center to center, extend in an easterly direction to Front street and thence in a southeasterly direction, crossing Allin and Grove streets at grade. A street car track is located in the center of Allin street and crosses the track of the defendant at a point 120 feet south of Front street. The track of the Lake Erie & Western Railroad is located north of defendant's track. From the inter-

section of defendant's track with the street car track north-
westerly to Front street the distance is 210 feet, and about
midway between said points, or to be exact 114½ feet north-
west of the point of intersection of said tracks, there is locat-
ed on the north side of the Lake Erie & Western track a tower
house where a tower man is stationed to operate gates at
street crossings. Gates were constructed and maintained on
the south side of defendant's track and on the north side of
the track of the Lake Erie & Western Railway, where said
tracks intersected Allin street in obedience to the provisions
of an ordinance of the city of Bloomington for the purpose
of protecting persons traveling upon said street and upon the
sidewalks, from danger of approaching trains. By an ordi-
nance of said city the speed of passenger trains running upon
the track of the defendant railroad, within the corporate lim-
its of said city, was limited to ten miles an hour. At the time
in question the Cleveland, Cincinnati, Chicago & St. Louis
Railway Company was operating its trains upon the railroad
of defendant, as lessee, and the engine which struck and killed
plaintiff's intestate was then owned and operated by said les-
see railway company. On February 20, 1908, at about 2
o'clock in the afternoon, Christian Schmalfeld, aged about
71 years, and Mary Schmalfeld, his wife, aged about 67
years, walked south on Allin street using the street car track
which had been cleaned of snow, rather than the sidewalk
which was covered by a recent heavy fall of snow. When
they reached the track of the Lake Erie & Western Railroad
the evidence, while conflicting, tends to show and the jury
were warranted in finding that the crossing gates were not
lowered and the automatic alarm gongs were not sounding.
As they went on to the last mentioned tracks and proceeded
southward toward the track of the defendant company the
plaintiff was walking somewhat in advance of his wife, and
when the latter reached the track of the defendant company
she fell, and almost immediately thereafter, while plaintiff
was attempting to assist her in arising or to lift her from
the track they were both struck by an engine, which, to-
gether with another engine was hauling a passenger train

owned and operated by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. The train was from fifteen to twenty-five minutes behind schedule time, and was approaching from the northwest on a down grade. While the evidence as to the speed of the train is conflicting, we are of the opinion that the jury were justified in finding that the train was then running at a speed of from twenty-five to thirty miles an hour. The striking of the plaintiff and his wife by the front engine resulted in injuring the plaintiff and in causing the death of his wife. The evidence tends to show that the engine whistled when it left the Union Station a distance of about half a mile west and north of the Allin street crossing, and again as it approached the crossing at Howard street, being the next street west of Allin street, and that several sharp, shrill blasts of the whistle, designated danger signals, were sounded after the train crossed Front street and as it approached Allin street.

It is first insisted on behalf of defendant that a verdict should have been directed in its favor because the evidence fails to show that the deceased was killed as the proximate result of any negligence charged in the declaration, and that such evidence does not sustain the negligence alleged in the declaration. What we have heretofore said with reference to the state of the proof as to the speed of the train and the failure of defendant's lessee to lower the gates as said train approached the Allin street crossing disposes of the claim that the evidence fails to sustain the negligence of defendant's lessee as alleged in the third and fourth counts of the declaration. True it is, as claimed on behalf of the defendant that in order to sustain a recovery in actions of the character here involved it is necessary to aver and prove three elements: (1) existence of a duty on the part of the defendant to protect the deceased from the injury which resulted in his death; (2) the failure of the defendant to perform such duty; (3) the death of the deceased resulting from such failure. McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232. It is further held in that case that the absence of any one of these elements either in the declaration or proof, renders the

declaration insufficient to sustain a judgment for negligence even after verdict. As we understand defendant's contention it is that in neither of the counts of plaintiff's declaration is the negligence charged alleged to have been the proximate cause of the death of plaintiff's intestate. In the first and second counts of the declaration wherein defendant's lessee is charged with general negligence in the operation of its engines and trains it is specifically alleged that plaintiff's intestate "was then and there by the cause" (negligence) "aforesaid struck," etc. In the third count, after alleging the existence of the speed ordinance of the city of Bloomington, and the violation by defendant's lessee of such ordinance, it is charged that said passenger train then and there struck the deceased with great force and violence and by reason of being struck by said passenger train *"as aforesaid,"* the deceased was thereby injured, etc. We are of opinion that the words "as aforesaid," in the sense in which they are employed in the declaration, refer to the alleged negligence of defendant's lessee, in exceeding the speed limit fixed by the ordinance, as being the proximate cause of the injury.

In the respect mentioned the third count of the declaration is not fairly abstracted and a resort to the record was made necessary in order to discover the words which cure the alleged error. In the fourth count of the declaration we find no equivalent words charging the alleged negligence of defendant's lessee in failing to operate the gates as being the proximate cause of the death of plaintiff's intestate, and a judgment based upon proof of the negligence alleged in said count could not be sustained even after verdict. The fifth or amended additional count expressly charges the negligence therein alleged to have been the proximate cause of the death of plaintiff's intestate. Conceding that plaintiff established no right of recovery under the first, second and fifth counts of the declaration, that the fourth count of the declaration was so defective as that judgment thereon against the defendant could not be sustained even after verdict, there was sufficient evidence introduced on behalf of the plaintiff to warrant a recovery under the third

count of the declaration and defendant's motion for a peremptory instruction was properly denied. As the verdict in this case was entire and the third count in the declaration is sufficient to sustain such verdict, the same may not be set aside or reversed on the ground of a defective count in the declaration. Rev. Stat. 1908, page 1630, section 57, chapter 110.

The contention of defendant that the plaintiff and his wife saw the train approaching when they were upon the track of the Lake Erie & Western Railroad is not supported by the record. The plaintiff testified that when he reached the track of said railroad he looked east and west for an approaching train but saw none, no witness testifies to the contrary and no facts and circumstances tending to contradict the plaintiff are apparent in the record. There is evidence tending to show that when the plaintiff and his wife reached a point about midway between the track of the defendant and the track of the Lake Erie & Western Railroad they might have observed the train as it turned at or about Front street in a southeasterly direction toward the Allin street crossing, a distance of about 370 feet. There is evidence tending to show that when the plaintiff reached the track of the Lake Erie & Western Railroad he heard the engine whistle for the Howard street crossing, and the evidence tends to show that such signal was given as the train approached said crossing, but that subsequent thereto the whistle was not again sounded until the engine reached a point on the track about opposite the towerhouse when the danger signals were sounded. The deceased had a right to rely upon the observance by defendant's lessee of the provisions of the speed ordinance and the jury were fully justified in finding that if such ordinance had been complied with the deceased would have crossed the track in safety. The violation by defendant's lessee of the provisions of the speed ordinance was properly found to be the proximate cause of the death of plaintiff's intestate, unless it appears from the manifest weight of the evidence that want of due care upon her part contributed to her death, and upon the evidence in this record we are not justified in so holding, but must hold the verdict to be conclusive upon such issue.

The sixth and ninth instructions given at the instance of plaintiff are complained of. The giving of like instructions has been so frequently held not to constitute reversible error that a reiteration of the rule has become wearisome.

It is complained that the court erred in refusing the 7th, 8th, 9th, 11th, 12th, 13th, 15th, 16th, 18th, 19th, 20th, 22nd, 25th, 26th and 27th instructions offered on behalf of the defendant. To analyze and consider each of these refused instructions would serve no useful purpose, and would extend this opinion beyond all reasonable bounds. Altogether too many instructions were tendered to the court on behalf of the defendant, sixteen of which so tendered were given to the jury, and the instructions so given covered every issue involved. A careful examination of the refused instructions discloses that while two or three might have been given with propriety, the remainder were subject to criticism as assuming facts not based on the evidence, as infringing on the province of the jury, as giving undue prominence to particular facts and circumstances in the case, as being argumentative, and as being merely repetitions of others offered.

We find no reversible error in the record and the judgment of the circuit court will be affirmed.

*Affirmed.*