## Christian Schmalfeld, Appellee, v. Peoria & Eastern Railway Company, Appellant.

1. INSTRUCTIONS—*when erroneous will not reverse.* An erroneous instructon will not effect a reversal unless it appears by the record that such erroneous instruction was given at the instance of the prevailing party.

2. INSTRUCTIONS—*when erroneous will not reverse.* An erroneous instruction will not reverse if it is apparent that it could have done no greater harm to one party than to the other.

3. INSTRUCTIONS—*argumentative in form.* An instruction argumentative in form is properly refused.

4. INSTRUCTIONS—*assuming matters of fact.* An instruction which assumes as a matter of fact that the testimony of an engineer was true notwithstanding the record discloses a serious conflict therein, is properly refused.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 18, 1910.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and J. P. LINDLEY, of counsel.

S. P. ROBINSON and WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action on the case by Christian Schmalfeld against the Peoria & Eastern Railway Company, to recover damages for a personal injury, alleged to have been caused by the negligence of the Cleveland, Cincinnati, Chicago & St. Louis Railway, lessee of the defendant. Upon a trial by jury in the Circuit Court of McLean county there was a verdict and judgment against the defendant for $410, to reverse which appellant prosecutes this appeal.

The declaration contains four counts. The first and

second counts allege a negligent operation of the engines and train of cars of lessee whereby plaintiff, while in the exercise of due care for his own safety in attempting to cross defendant's right of way on Allin street in the city of Bloomington, was injured. The third count alleges that a train of lessee was being operated at a greater rate of speed than ten miles an hour contrary to an ordinance of the city of Bloomington, and that plaintiff, while in the exercise of due care for his own safety was struck by said train as aforesaid, at said street crossing and injured. The fourth count alleges an ordinance of the city of Bloomington requiring defendant's said lessee to place and keep a gate at Allin street in said city, and requiring the same to be in operation on every day of the week from seven o'clock in the morning until seven o'clock in the evening, and alleges that said lessee had installed such a gate, and that plaintiff while the said gates were open so as to invite people to cross the said railway, and while in the exercise of due care for his own safety, and while attempting to walk across said railway, was struck by said engines and train and was thereby then and there greatly injured.

Front and Grove streets in the city of Bloomington run east and west and Allin street runs north and south connecting said east and west streets. The tracks of the Peoria & Eastern Railway and the Lake Erie and Western Railway, which are nineteen feet apart from center to center, extend in an easterly direction to Front street and thence in a southeasterly direction, crossing Allin and Grove streets at grade. A street car track is located in the center of Allin street and crosses the track of the defendant at a point 120 feet south of Front street. The track of the Lake Erie & Western Railroad is located north of defendant's track. From the intersection of defendant's track with the street car track northwesterly to Front street is 210 feet, and about midway between said points there is located on the north side of the Lake

Erie & Western track a tower house where a tower man is stationed to operate the gates at street crossings. Gates were constructed and maintained on the south side of defendant's track and on the north side of the track of the Lake Erie & Western Railway, where said tracks intersect Allin street. By an ordinance of said city the speed of passenger trains running upon the track of the defendant railroad, within the corporate limits of said city, was limited to ten miles an hour. At the time in question the Cleveland, Cincinnati, Chicago & St. Louis Railway Company was operating its trains upon the railroad of appellant, as lessee, and the engine which struck and injured plaintiff was then owned and operated by said lessee. On February 20, 1908, at about two o'clock in the afternoon, appellee, aged about seventy-one years, and Mary Schmalfeld, his wife, aged about sixty-seven years, were walking south on Allin street, using the street car track which had been cleaned of snow, rather than the sidewalk which was covered by a recent heavy fall of snow; when they reached the track of the Lake Erie & Western Railroad the evidence, while conflicting, tends to show and the jury were warranted in finding that the crossing gates were not lowered and the automatic alarm gongs were not sounding. As they proceeded across the last mentioned tracks, and southward, toward the tracks of the defendant company, the plaintiff was walking somewhat in advance of his wife, and when the latter reached the track of the defendant company she fell, and almost immediately thereafter, while plaintiff was attempting to assist her in rising or to lift her from the track, they were both struck by an engine, which, with another engine, was hauling a passenger train owned and operated by the lessee company, resulting in injuring the plaintiff and causing the death of his wife. The train was from fifteen to twenty-five minutes behind its schedule time, and was approaching from the northwest on a down grade. While the evidence as to the speed of the train is con-

flicting, we are of the opinion that the jury were justified in finding from the evidence that the train was then running at a speed of from twenty-five to thirty miles an hour. The evidence tends to show that the engine whistled when it left the Union Station, a distance of about half a mile west and north of the Allin street crossing, and again as it approached the crossing at Howard street, being the next street west of Allin street, and that several sharp, shrill blasts of the whistle, designated danger signals, were sounded after the train crossed Front street and as it approached Allin street.

It is insisted on behalf of defendant that a verdict should have been directed in its favor, first, because the evidence fails to show that the deceased was injured as the approximate result of any negligence charged in the declaration, and that the evidence does not sustain the negligence alleged in the declaration; second, because it insists that appellee who was in advance of his wife, and had crossed the track in safety, should not have returned to the track where his wife was in danger for the purpose of assisting her across, and that in doing so he was not in the exercise of due care and caution for his own safety. Whether he had so crossed the tracks and if so, whether in returning to assist his wife he was in the exercise of due care, etc., was a question of fact for the determination of the jury, and they, by their verdict, have found that he was in the exercise of due care and caution for his own safety and we are not inclined to disturb the verdict on that ground. From all the facts as disclosed by the evidence we are not disposed to hold as a matter of law that it was negligence on the part of the husband to undertake to assist his wife in the time of danger to a place of safety. What we have heretofore said with reference to the state of the proof as to the speed of the train and the failure of defendant's lessee to lower the gates as said train approached the Allin street crossing disposes of the contention that the evi-

dence fails to sustain the negligence of defendant lessee as alleged in the third and fourth counts of the declaration. Conceding, as claimed by defendant, that in order to sustain a recovery in actions of the character here involved it is necessary to aver and prove three elements: (1) existence of a duty on the part of the defendant to protect appellee from the injury which he received; (2) the failure of the defendant to perform such duty; (3) the injury resulting from such failure, it is further held in McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232, that the absence of any one of these elements either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence even after verdict.

What has been said by our Presiding Justice Baume in an opinion heretofore filed in an action brought by appellee as administrator of the estate of Mary Schmalfeld, deceased, versus appellant, 156 Ill. App. 1, regarding the pleadings and the sufficiency of the declaration therein, is applicable and applies equally to the first, second, third and fourth counts of the declaration in this case, the declarations being identical with the exception that the fifth or additional count filed in that case was not filed in this case.

The contention of defendant that the plaintiff and his wife saw the train approaching when they were upon the track of the Lake Erie & Western Railroad is not supported by the evidence. The plaintiff testified that when he reached the track of said railroad he looked east and west for an approaching train but saw none. No witness testifies to the contrary and no facts and circumstances tending to contradict the plaintiff are apparent in the record. There is evidence tending to show that when the plaintiff and his wife reached a point about midway between the track of the defendant and the track of the Lake Erie & Western Railroad they might have observed the train as it turned at or about Front street in a southeasterly direction toward the Allin street crossing, a distance of about 370 feet.

There is evidence tending to show that when the plaintiff reached the track of the Lake Erie & Western Railroad he heard the engine whistle for the Howard street crossing, and the evidence tends to show that such signal was given as the train approached said crossing, but that subsequent thereto the whistle was not again sounded until the engine reached a point on the track about opposite the tower-house when the danger signals were sounded. The deceased had a right to rely upon the observance by defendant's lessee of the provisions of the speed ordinance, and the jury were fully justified in finding that if such ordinance had been complied with the plaintiff would have crossed the track in safety. The violation by defendant's lessee of the provisions of the speed ordinance was properly found to be the proximate cause of the injury to plaintiff, unless it appears from the manifest weight of the evidence that want of due care upon his part contributed to his injury, and upon the evidence in this record we are not justified in so holding, but must hold the verdict to be conclusive upon such issue.

It is insisted in the criticism of instructions that the plaintiff's first instruction is erroneous. This instruction related to the question of the credit to be given to any person who had testified falsely, especially so far as the testimony is corroborated by other evidence. This instruction omitted the word "credible" and did not have the proper language "of other credible evidence" but there is nothing in the record in any way to show to the jury whether this instruction was given on behalf of the plaintiff or defendant and it could not have done any greater injury to the defendant than to the plaintiff and there is no showing that the appellant was injured in any way thereby.

Appellant also criticises defendant's refused instruction No. 3. While this instruction contained the correct principle of law that the rights of appellant and appellee were mutual upon the crossing, the instruction is in argumentative form and also under-

takes to inform the jury that by reason of the momentum by which railroad trains are run, and there being but a single track for them to go upon, that they thereby obtained a greater right at the crossing and does not in any way attempt to limit the use of the crossing by appellant to the rules of law which it is required to comply with; there was no error in refusing this instruction.

Criticism is also made of the refusal of instruction No. 15. This instruction is based upon the testimony of the engineer and the instruction assumes as a matter of fact that the testimony of the engineer was true notwithstanding the record discloses a serious conflict therein and it was not error to refuse this instruction.

We find no reversible error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*